IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUSAN STOCKING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-0421-CV-W-HFS |
| ) | |
| AT&T CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case concerns alleged sex discrimination in the employer's denial of health care costs for prescription contraceptives (prior to a change in the program in 2002). It now comes back to me for reconsideration. The Court of Appeals has rejected the challenge to a similar program. In re Union Pacific Railroad Employment Practices Litigation, 479 F.3d 936 (2007). In partial reliance on the district court's ruling in Union Pacific, I granted summary judgment to the plaintiff here and created a class for determination of compensation. Stocking v. AT&T Corporation, 436 F. Supp. 2d 1014 (W.D.Mo. 2006).

Defendant now moves for reconsideration. Doc. 151. Opposition has been filed (Doc. 153) and a reply has been received. Doc. 154. Both sides seek oral argument. Having concluded that defendant is clearly entitled to prevail, based on the appellate decision, it is not necessary to explore multiple issues posed by the parties or to hear argument.

Plaintiff now limits her contention to an issue of disparate impact, not expressly discussed by the Court of Appeals. Because I conclude that there was no discrimination, under the majority ruling above, the case falls in any event. Definition of the main issue seems controlling. If treated

as a discrimination claim in compensating for prescription contraceptives, a form of health care exclusively used by women, plaintiff and her class would seem to have a sound case. If treated as a blanket denial of funding for all contraceptives, whether used by men or women, the discrimination case fails. The policy was facially neutral and neutral in fact. No one was repaid for such expenses. The majority of the panel characterized the question in the latter manner (479 F.3d at 943-5), and I necessarily adopt that view on remand. See also <u>Krauel</u> litigation discussion in the Reply Brief, pp 4 - 5, Doc. 154.[1]

      I agree with the pertinent portions of defendant's argument presented in Doc. 151.

      It may be useful to mention some reservations about portions of defendant's briefing that may be a form of overkill. Defendant argues that, in any event, the claim made is out of time, under the current ruling by the Supreme Court in <u>Ledbetter v. Goodyear Tire and Rubber Co.</u>, 127 S.Ct. 2162 (2007). That case may not be pertinent to a disparate impact theory because turning on a conclusion that there was no showing or inference of discriminatory animus in the application of an earlier program to the plaintiff during the limited period before discrimination charges were filed. Since an impact case does not require discriminatory animus one doubts that <u>Ledbetter</u> can be invoked.

      Quoting from an opinion by Judge (now Justice) Kennedy, defendant contends that disparate impact cases are confined to the "job selection process" and not to other issues such as benefits. <u>AFSCME v. Washington</u>, 770 F.2d 1401, 1406 (9th Cir. 1985). In several other Circuits, but not the Eighth, this narrowing of impact relief has been cited. Judge Posner has observed that the denial

---

[1] I am not prepared to reopen litigation for some sort of study of male and female contraception expenses.

of relief in comparable worth cases conflicts with the theory that disparate impact can be pursued in a logical manner to impose statutory liability. See, e.g. Davidson v. Board of Governors, 920 F.2d 441, 445-6 (7th Cir. 1990). Because of inconsistency in theories, it would seem (without further sorting out of cases) that disparate impact might be confined to the "job selection process" or that the comparable worth cases could be confined to that issue–or some intermediate line-drawing could occur. I need not deal with that here.[2]

Concluding that the opinion of the Court of Appeals, as applied here, requires a judgment for defendant, it is hereby ORDERED that judgment should be entered in favor of defendant and that the prior ruling in favor of plaintiff and her class (Doc. 126) is hereby vacated.

HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October  , 2007

Kansas City, Missouri

---

[2] I also need not deal with a contention in the Reply Brief that disparate impact cases cannot produce compensatory damages. Kolstad v. American Dental Association, 527 U.S. 526, 534 (1999).

3